STATE OF INDIANA, ON THE RELATION OF NOBLE R. PEARCY, PROSECUTING ATTORNEY OF THE 19TH JUDICIAL CIRCUIT v. THE CIRCUIT COURT OF ALLEN COUNTY, INDIANA, AND THE HONORABLE HERMANN F. BUSSE, JUDGE OF THE CIRCUIT COURT OF ALLEN COUNTY, AND HONORABLE FRANK J. CELAREK, JUDGE OF THE ALLEN SUPERIOR COURT.

[No. 974S200. Filed October 8, 1974.]

*Noble R. Pearcy*, Prosecuting Attorney, *John Barney, Jr.*, Deputy Prosecuting Attorney, of Indianapolis, for relator.

*Ferd Samper, Jr.*, of Indianapolis, for respondents.

## ORIGINAL ACTION

ARTERBURN, C.J.—This is an original action in which the State asks for a writ of mandate and prohibition against the Judge of the Allen County Circuit Court on the ground that he exceeded his jurisdiction by setting bail for Harry J. Adams, charged with the crime of murder in the first degree, without first conducting an evidentiary hearing thereon.

The record shows that on July 8, the Honorable Frank J. Celarek, who had been appointed "Special Judge" to try said cause, upon an oral motion of counsel for Harry J. Adams and without a hearing thereon set the bail for said Adams in the sum of $35,000.00, and that the Defendant posted said surety bond and is now free on bond awaiting trial.

The statutes pertinent hereto read as follows:

"All offenses other than murder or treason shall be bailable by sufficient sureties. Murder or treason shall not be bailable when the proof is evident or the presumption is strong."

\* \* \*

"When any person is indicted for murder, the court in which the indictment is pending, upon motion, or in vacation the judge of the circuit or criminal court, upon application by writ of habeas corpus, may admit the defendant to bail, WHEN IT APPEARS UPON EXAMINATION THAT HE IS ENTITLED TO BE LET TO BAIL." (Emphasis added)

IC 1971, 35-1-18-1 [Burns Ind. Ann. Stat. § 9-1015 (1956 Repl.)] and IC 1971, 35-1-22-6 [Burns Ind. Ann. Stat. § 9-1035 (1956 Repl.)]. A reading of these statutes discloses that bail may only be granted to an individual charged with murder when there is a showing that the proof of guilt is not evident nor the presumption strong.

We are only concerned here with the fact that the law requires that a hearing on the evidence be had by the Judge to determine said facts before any bail may be granted to one charged with murder. It is evident from the record that such a hearing did not take place in this case.

We therefore issue a peremptory writ of prohibition and mandate requiring said Circuit Court to promptly revoke the order for bail heretofore made without hearing and to order said Defendant recommitted to jail without bond and thereupon to hold a hearing upon said Defendant's petition for bail pursuant to these statutes.

All Justices concur.

NOTE.—Reported at 317 N.E.2d 181.